# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| KENNETH CHARLES TENNANT, | ) |
| Plaintiff, | ) |
| v. | ) No. 23-70 |
|  | ) (Filed: July 26, 2023) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Kenneth Charles Tennant, Pro Se, Bettendorf, Iowa.

Stephen J. Smith, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were Eric P. Bruskin, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Principal Deputy Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

Kenneth Charles Tennant, proceeding pro se, filed an amended complaint that asserts claims for disability benefits from the Department of Veterans Affairs ("VA"). Am. Compl. at 7–12, Docket No. 13.[1] He also alleges that he suffered constitutional and civil rights violations while facing criminal charges in state court. Id. at 7–8, 12–20. The government moved to dismiss the amended complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss Pl.'s Am. Compl. ("Def.'s Mot.") at 1, Docket No. 14. For the reasons discussed below, the government's motion is **GRANTED**, and Mr. Tennant's amended complaint will be **DISMISSED without prejudice**.

---

[1] Mr. Tennant filed his amended complaint and exhibits thereto as a single document. See Docket No. 13. The only consecutive page numbers in the document are those provided by the court's electronic case filing system. The Court will refer to those page numbers when citing the document.

## BACKGROUND[2]

Mr. Tennant began his service in the United States Army in February 1987. Am. Compl. at 4. While in training that year, he was "injected with multiple vaccines." Id. He was not told what vaccines were being administered, and he did not consent to receiving them. Id. Mr. Tennant reported a painful earache following the vaccinations. Id. In one instance, Mr. Tennant was "strapped to a gurne[y]" during a training exercise for combat medics when another soldier "ran upon" him and "stuck a syringe into [his] right forearm," causing marked swelling at the injection site. Id. at 5.

By July 1987, Mr. Tennant's physical condition began to worsen. See id. at 6–7. Around this time, he was overcome "by a strange physical weakness that felt like an electrical shortage where the muscles lost strength and coordination." Id. at 6. He subsequently was directed to limit his physical activity and, eventually, was honorably discharged from the Army. Id. at 7.

In 1989, a civilian doctor diagnosed Mr. Tennant with fibromyalgia and chronic fatigue syndrome. Id. Years later, the VA granted him a 100% disability rating (40% for fibromyalgia, 40% for chronic fatigue syndrome, 10% for a knee condition—totaling 70% per VA calculations—and an additional 30% for individual unemployability) and backdated the rating to 1994. Id. at 8–9.

Mr. Tennant appealed the VA's rating to the United States Court of Appeals for Veterans Claims in 2016, arguing that the rating should have an earlier effective date and that it should be based on various other conditions that the VA had diagnosed, including "IBS, [s]kin conditions, [a]llergies, loss of range of motion, increased pain, residual effects, aggravation," rather than on individual unemployability. Id. at 8–9; see also id. at 28 (January 22, 2016 docket entry for Mr. Tennant's appeal). The appeal was unsuccessful, and, in 2022, Mr. Tennant appealed again. See id. at 9–10; Tennant v. McDonough, No. 22-2354, 2023 WL 1812826, at *1 (Vet. App. Feb. 8, 2023) (outlining Mr. Tennant's history of appeals). In February 2023, the Court of Appeals for Veterans Claims dismissed Mr. Tennant's 2022 appeal. Am. Compl. at 9–10; see also id. at 26–27 (copy of order of dismissal); Tennant, 2023 WL 1812826, at *1–2.

Mr. Tennant seeks relief in this Court from the order dismissing his appeal. See Am. Compl. at 10–11. He also challenges the Social Security Administration's ("SSA") decision to deny his application for disability benefits, a decision he attributes in part to the effective date of his VA disability rating. See id. at 9, 11–12. He contends that the SSA did not consider the VA's rating because it came after the SSA's initial decision. Id. at 11–12.

---

[2] The information in this section is drawn from the factual allegations in Mr. Tennant's amended complaint and from the exhibits attached thereto. See RCFC 10(c). The Court accepts these allegations as true for purposes of ruling on the pending motion to dismiss. See Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). This section also includes jurisdictional facts drawn from outside the amended complaint. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

Additionally, in 2004, around the time Mr. Tennant received his 100% disability rating from the VA, he was arrested "after complaining about [the VA's] inferior quality services." Id. at 12. He was arrested again some years later for allegedly harassing a juror in a different trial involving his son. Id. at 13–17. He alleges that his arrests and subsequent court proceedings violated his First Amendment rights, and he claims that Iowa state judges, lawyers, and law enforcement officials violated his constitutional due process rights and his civil rights. Id. at 7–8, 13–20. He also challenges decisions in the United States District Court for the Southern District of Iowa in several cases related to his arrests. Id. at 20–21.

Mr. Tennant commenced this action on January 13, 2023. Compl., Docket No. 1. In March, he sought the Court's leave to amend his complaint. Pl.'s Mot. to File Am. Compl., Docket No. 10. The Court granted the request on March 13, 2023, Order, Docket No. 11, and Mr. Tennant filed his amended complaint on April 10, 2023, Am. Compl.

On April 24, 2023, the government filed a motion to dismiss Mr. Tennant's amended complaint for lack of subject-matter jurisdiction. Def.'s Mot. at 1. Mr. Tennant filed his response on May 8, 2023, Pl.'s Resp. to Def.'s Mot. ("Pl.'s Resp."), Docket No. 15, and the government filed its reply in support of its motion on May 22, 2023, Def.'s Reply in Supp. of Its Mot. to Dismiss ("Def's Reply"), Docket No. 16.[3]

## DISCUSSION

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may also "inquire into jurisdictional facts" to determine whether it has proper jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). Further, although the pleadings of a pro se plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that the jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl 290, 292 (2013). If the Court finds that jurisdiction does not exist, it must dismiss the case without further proceedings. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); RCFC 12(h)(3).

---

[3] Since filing his amended complaint, Mr. Tennant has submitted three other documents to the Court. The first is a letter that the Clerk's office received on April 14, 2023. The second is a document that the Clerk's office received on June 12, 2023, and that consists of a single sentence apparently underscoring Mr. Tennant's opposition to the government's motion to dismiss his amended complaint. The Court construes the document as a sur-reply to the government's motion. The third submission is a memorandum captioned "Request for Problem Resolution," which the Clerk's office received on July 6, 2023. The memorandum reiterates Mr. Tennant's claims regarding his disability rating from the VA. No provision of the RCFC permits the filing of these submissions without the Court's leave. The Court declines to grant Mr. Tennant leave to file these submissions, given the Court's determination that it lacks subject-matter jurisdiction over Mr. Tennant's amended complaint and must therefore dismiss his case. Accordingly, the Clerk is directed to reject the submissions described above.

The Tucker Act grants the United States Court of Federal Claims the power to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act does not confer jurisdiction over claims against any entity that is not the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941). Furthermore, the Tucker Act does not create a substantive cause of action, but rather only serves as a jurisdictional grant. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). Accordingly, a complaint must identify a money-mandating source of law under which the plaintiff can recover. Id. at 1309.

This Court does not have jurisdiction over Mr. Tennant's disability benefits claims. See Am. Compl. at 11–12. Appeals of benefits decisions from the VA must be heard exclusively by the Board of Veterans' Appeals and, subsequently, the United States Court of Appeals for Veterans Claims, not the Court of Federal Claims. Jackson v. United States, 80 Fed. Cl. 560, 564 (2008). To the extent Mr. Tennant requests that this Court overturn a ruling from the Court of Appeals for Veterans Claims, Am. Compl. at 9–10, this Court does not have jurisdiction, Bates v. Nicholson, 398 F.3d 1355, 1364 (Fed. Cir. 2005) ("[T]he Federal Circuit [has] exclusive appellate jurisdiction over the decisions of the Court of Appeals for Veterans Claims."). Similarly, the United States District Courts possess exclusive jurisdiction to review SSA decisions. 42 U.S.C. § 405(h); Jackson, 80 Fed. Cl. at 566. As such, Mr. Tennant's claims about his VA disability rating and his application for SSA disability benefits do not fall under this Court's jurisdiction.

Additionally, this Court does not have jurisdiction over Mr. Tennant's claims stemming from his arrests and proceedings in state courts. See Am. Compl. at 8, 12–20. Mr. Tennant brings allegations against numerous people, including county prosecutors and law enforcement officials, state court judges, and individuals. Id. But this Court only has jurisdiction over claims against the United States. Sherwood, 312 U.S. at 588. It cannot consider Mr. Tennant's claims against entities other than the United States. See Trevino v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he court lacks jurisdiction over . . . claims against states, localities, state and local government officials, state courts . . . or state employees.").

Mr. Tennant also alleges that his First, Fifth, and Fourteenth Amendment rights and civil rights were violated in connection with his arrests and subsequent court proceedings. Am. Compl. at 7–8, 17–18. It is well settled that this Court does not have jurisdiction over these constitutional claims because none of the cited provisions are money-mandating. See United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) (holding that the First Amendment "cannot be so interpreted to command the payment of money"); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that Due Process Clauses of Fifth and Fourteenth Amendments "are not sufficient bas[e]s for jurisdiction because they do not mandate payment of money by the government"). Furthermore, this Court lacks jurisdiction over Mr. Tennant's civil rights claims. Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002); Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (holding that the Court of Federal Claims does not have

jurisdiction over causes of action for money damages to remedy civil rights violations by government officials).

Mr. Tennant also challenges decisions of the United States District Court for the Southern District of Iowa and alleges misconduct by the court's judges and clerk. Am. Compl. at 20–21. The Court lacks jurisdiction over these claims. It cannot "review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); see also Jordan v. United States, 128 Fed. Cl. 46, 52 (2016). Furthermore, the Court does not have jurisdiction over claims "against individual federal officials" or "over actions against Federal judges." Jordan, 128 Fed. Cl. at 51 (first quoting Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); then quoting Ealy v. United States, 120 Fed. Cl. 801, 805 (2015)).

Finally, Mr. Tennant's claims regarding injuries resulting from the vaccinations that were administered during his time in the military fare no better than his other allegations. See Am. Compl. at 3–6. Although this Court does have jurisdiction over vaccine injuries pursuant to the National Childhood Vaccine Injury Act ("Vaccine Act"), 42 U.S.C. § 300aa-12, Mr. Tennant's claims cannot be heard by this Court. First, Mr. Tennant's claim is time-barred because the Vaccine Act specifies that a claim must be filed within 36 months of the manifestation of the onset of the injury or significant aggravation of such injury. 42 U.S.C. § 300aa-16(a)(1). Mr. Tennant's claims are far past this 36-month statute of limitations, considering that the alleged injuries manifested themselves more than 35 years ago. Am. Compl. at 4–6; Cloer v. Sec'y of Health & Human Servs., 64 F.3d 1322, 1324–25 (Fed. Cir. 2011). Second, Mr. Tennant's allegations concerning the vaccinations could be construed as tort claims. Am. Compl. at 4; Burns v. United States, No. 18-382C, 2018 WL 2996918, at *3 (Fed. Cl. June 15, 2018). If so construed, these allegations would fall outside of this Court's jurisdiction under the Tucker Act, which specifically excludes tort claims. Burns, 2018 WL 2996918, at *3; 28 U.S.C. § 1491(a).

## CONCLUSION

The government's motion to dismiss Mr. Tennant's amended complaint, Docket No. 14, is **GRANTED**, and the case is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Chief Judge